**Gregory O'DONNELL on behalf of himself and all others similarly situated, Plaintiff,**

v.

**TD AMERITRADE, INC., etc., et al., Defendants.**

No. 07–CV–0123–BTM (JMA).

United States District Court, S.D. California.

April 24, 2008.

Alexander Isaac Dychter, Christopher Alexander Olsen, Michael D. Singer, Cohelan & Khoury, San Diego, CA, for Plaintiff.

Melanie L. Ronen, Keesal Young and Logan, Long Beach, CA, for Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF INFORMATION IDENTIFYING PUTATIVE CLASS MEMBERS

JAN M. ADLER, United States Magistrate Judge.

Plaintiff Gregory O'Donnell has filed a letter brief in support of his motion for an order compelling the production of information identifying putative class members. Defendant TD Ameritrade, Inc. opposes. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

## I. BACKGROUND

On November 14, 2007, Defendant filed a Motion to Compel Arbitration and Stay Proceedings. Doc. 16. On December 11, 2007, the parties filed a joint motion to continue the hearing date and corresponding briefing on the motion in order to allow Plaintiff to conduct limited pre-Rule 26(f) discovery.[1] Doc. 19. On December 12, 2007, the Honorable Barry Ted Moskowitz granted the joint motion and ordered, "Plaintiff may conduct pre-Rule 26(f) discovery to investigate the enforceability of Defendant's arbitration agreement. Any disputes regarding this discovery shall be handled by Magistrate Judge Adler." Doc. 20. The hearing date on the Motion to Compel Arbitration and Stay Proceedings was continued to April 25, 2008.

Plaintiff served Defendant with Requests for Production of Documents, Special Interrogatories and Requests for Admissions in connection with the limited pre-Rule 26(f) discovery agreed upon by the parties. Def.'s Br. at 2. The two following special interrogatories are currently at issue:

> *Special Interrogatory No. 1:* Please IDENTIFY (by listing the name, last known address and home telephone number) each and every formerly-employed putative CLASS MEMBER ("CLASS MEMBERS") refers to all current and former California-based Investment Consultants or other similarly designated titles who have worked for Defendant TD AMERITRADE within the last four (4) years from the filing of this complaint up to and including the time of trial for this matter ["RELEVANT TIME PERIOD"].
>
> *Special Interrogatory No. 2:* Please IDENTIFY each and every currently-employed putative CLASS MEMBER.

Def.'s Br. at 2. For purposes of this motion, Plaintiff seeks to compel a random sampling of 25% of the putative class members. Pl.'s Br. at 3.

Plaintiff argues that he needs information identifying the putative class members in order to adequately address the enforceability of Defendant's arbitration agreement under the standards discussed in *Gentry v.*

*Superior Court,* 42 Cal.4th 443, 64 Cal. Rptr.3d 773, 165 P.3d 556 (Aug. 30, 2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 1743, 170 L.Ed.2d 541 (2008). Pl.'s Br. at 1, 4–5. Defendant maintains that this discovery is irrelevant to the issues currently before the Court and is premature at this stage in the case. Def.'s Br. at 3.

## II. LEGAL STANDARDS

Pursuant to Rule 37(a), a party seeking discovery may move for an order compelling discovery responses when an opposing party has not produced the discovery sought. Fed. R.Civ.P. 37(a)(3)(B). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." *Ramirez v. Nicholson,* 2007 WL 2990283, at *2 (S.D.Cal. 2007) (citation omitted). "In turn, the party opposing discovery has the burden of showing that discovery should not be allowed." *Id.* (citations omitted).

Rule 26 permits discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). All discovery is subject to the limitations imposed by Rule 26(b)(2)(C), which provides in relevant part:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

---

**1.** All Rule references contained herein refer to the Federal Rules of Civil Procedure.

Fed.R.Civ.P. 26(b)(2)(C). It is within the authority of the court to define the actual scope of discovery to the reasonable needs of the action. Fed.R.Civ.P. 26 Advisory Committee Notes, 2000 Amendment.

### III. DISCUSSION

#### A. Plaintiff Has Not Demonstrated That He Needs the Subject Discovery in Order to Sufficiently Address the Gentry Factors

■ In *Gentry,* the California Supreme Court held that the following factors must be considered by the trial court when, as here, "it is alleged that an employer has systematically denied proper overtime pay to a class of employees and a class action is requested notwithstanding an arbitration agreement that contains a class arbitration waiver":

> [T]he modest size of the potential individual recovery, the potential for retaliation against members of the class, the fact that absent members of the class may be ill informed about their rights, and other real world obstacles to the vindication of class members' right to overtime pay through individual arbitration.

*Gentry,* 42 Cal.4th at 463, 64 Cal.Rptr.3d 773, 165 P.3d 556. A class arbitration waiver "should not be enforced if a trial court determines, based on [these factors], that class arbitration would be a significantly more effective way of vindicating the rights of affected employees than individual arbitration." *Id.* at 450, 64 Cal.Rptr.3d 773, 165 P.3d 556. Given its primary concern that California's overtime laws "be effectively enforced and that class arbitration waivers not thwart that enforcement," the court determined that the above factors must be analyzed on a class-wide as well as individual basis:

> [I]t makes little sense to focus only on whether the class representative himself or herself would be stymied in the pursuit of an individual arbitration remedy ... rather than considering as well the difficulties for the class of employees affected by [the employer's] allegedly unlawful practices.

*Id.* at 464, 64 Cal.Rptr.3d 773, 165 P.3d 556. The court concluded that "such waivers will only be invalidated after the proper factual showing." *Id.* at 466, 64 Cal.Rptr.3d 773, 165 P.3d 556.

After carefully considering the *Gentry* decision and the parties' arguments, the Court finds that although *Gentry* requires a factual inquiry, discovery is not needed from the putative class members in order for Plaintiff to establish the *Gentry* factors. For example, there is no need to contact the putative class members to establish the first factor— the size of the potential individual recovery. Although, as Plaintiff claims, he is aware of his own pay rate only, it is not accurate that Plaintiff can only merely speculate as to the pay rate for the putative class members. Rather, this can be determined using information provided by Defendant itself; discovery from the putative class members is not necessary on this topic. Indeed, Defendant has already provided information regarding the average annual earnings for Investment Consultants. *See* Bednarovsky Decl. in Supp. of Motion to Compel Arbitration and Stay Proceedings, ¶ 6. Plaintiff can rely upon various reasonable assumptions (e.g., the potential amount of unpaid overtime worked per employee) in connection with the average annual earnings provided by Defendant in order to provide an estimate of the potential recovery per individual employee.

The critical inquiry behind the second factor is whether the fear of retaliation would deter employees from individually suing their employers. *Gentry,* 42 Cal.4th at 459–61, 64 Cal.Rptr.3d 773, 165 P.3d 556. Plaintiff contends that the only way to find out whether the fear of retaliation weighed on Defendant's employees' minds is to ask them. Pl.'s Br. at 4. There is nothing within the *Gentry* decision, however, that suggests that the trial court must examine the employees' subjective fear of retaliation. Indeed, the *Gentry* court observed, "[I]t needs no argument to show that fear of economic retaliation might often operate to induce aggrieved employees quietly to accept substandard conditions." *Gentry,* 42 Cal.4th at 460, 64 Cal.Rptr.3d 773, 165 P.3d 556 (citing *Mitchell v. Robert DeMario Jewelry, Inc.,* 361 U.S. 288, 80 S.Ct. 332, 4 L.Ed.2d 323 (1960)). There are also other ways in which Plaintiff can address the potential for retaliation, including by showing the putative class members' place on the

corporate hierarchy or by demonstrating the "widespread" nature of retaliation using statistics from, for example, the Department of Labor Standards Enforcement. *See id.* at 460–61, 64 Cal.Rptr.3d 773, 165 P.3d 556. Plaintiff could also potentially cite studies or statistics to argue against the effectiveness of anti-retaliation policies such as Defendant's policy. There is no need to require Defendant to provide identifying information for the putative class members or to burden the putative class members themselves with providing information of questionable relevance to this factor.

Similarly, there is nothing within the *Gentry* decision that suggests that the third factor—whether absent members of the class may be ill informed about their rights—can be established using the *subjective* knowledge of the putative class members. Rather, the court examined the *likelihood* of employee unawareness of their legal rights given factors such as the employees' language skills, educational levels, and whether their work was of a transient nature, and noted that "[e]ven English-speaking or better educated employees may not be aware of the nuances of overtime laws with their sometimes complex classifications of exempt and nonexempt employees." *Id.* at 461, 64 Cal. Rptr.3d 773, 165 P.3d 556. Moreover, the court stated, "The likelihood of employee unawareness is even greater when … the employer does not simply fail to pay overtime but affirmatively tells its employees that they are not eligible for overtime." *Id.* Plaintiff can therefore address the third *Gentry* factor by making arguments in relation to the above matters. Input from individual putative class members is simply not needed on this issue.

Plaintiff has provided no argument that discovery is needed with respect to the fourth *Gentry* factor—other real world obstacles to the vindication of class members' right to overtime pay through individual arbitration—and the Court sees no need for information from putative class members in this regard.

In sum, Plaintiff has not set forth any persuasive argument or authority supporting the need to contact the putative class members in order to sufficiently address the *Gentry* factors.

### B. The Discovery Sought by Plaintiff is Premature at this Stage in the Litigation

Plaintiff also contends that Rule 26(b)(1) allows the parties to obtain discovery regarding the identity and location of persons who know of any discoverable matter. Pl.'s Br. at 3. Plaintiff ignores the fact, however, that the parties are currently engaged only in limited pre-Rule 26(f) discovery regarding the enforceability of Defendant's arbitration agreement. The Court agrees with Defendant's position that it should not be "subjected to the invasiveness of class action discovery before a determination is made as to whether or not Plaintiff has waived his right to bring a class action in the first place." Def.'s Br. at 5. Although the discovery Plaintiff seeks may be appropriate at a later stage in the litigation, e.g., in relation to class certification proceedings, Plaintiff has not persuaded the Court that he needs to contact the putative class members at this stage in the case.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for an order compelling the production of information identifying putative class members, in connection with the parties' pre-Rule 26(f) discovery regarding the enforceability of Defendant's arbitration agreement, is **DENIED**.

**IT IS SO ORDERED.**