**Bruce J. TROMBLEY and Ryan Sukaskas**

v.

**BANK OF AMERICA CORPORATION.**

Civil No. 08–cv–456–JD.

United States District Court, D. Rhode Island.

July 22, 2009.

---

Peter N. Wasylyk, Attorney at Law, Providence, RI, David A. Searles, Donovan Searles, LLC, Michael J. Quirk, Williams Cuker Berezofsky, Philadelphia, PA, for Plaintiff.

David J. Fioccola, Mark P. Ladner, Morrison & Foerster, LLP, New York, NY, Robert G. Flanders, Jr., Hinckley, Allen & Snyder LLP, Providence, RI, for Defendant.

### ORDER

JOSEPH A. DICLERICO, JR., District Judge.

Bruce J. Trombley and Ryan Sukaskas filed suit against the Bank of America Corporation ("BAC") alleging breach of their credit card agreements, seeking a declaration that the arbitration provision in the agreements is unconscionable, and bringing a claim under the Truth–in–Lending Act.[1] The plaintiffs' claims arise from late fees charged on their BAC credit card accounts, and they seek certification of a class of similarly situated cardholders. BAC moves to compel arbitration, under the terms of the credit card agreements. In response, the plaintiffs move for an enlargement of time to file an objection to the motion to compel and for discovery pertaining to their response. BAC objects to discovery and an enlargement of time.

*Background*

The credit card agreements at issue in this case include arbitration provisions, which are substantially the same. Both provisions state that claims or disputes arising from the account or the agreement be resolved by binding arbitration if either party elects arbitration. The arbitration provisions include a class action waiver that precludes cardholders from pursuing claims as part of a class action. An exception to arbitration is provided for claims

---

1. Ryan Sukaskas also spells his last name "Sykaska," but the court will use the spelling from the amended complaint.

challenging the class action waiver, which are to be decided by the court.

Bruce Trombley and Ryan Sukaskas filed their action in the District of Rhode Island, alleging that they, and others who would make up the putative class, have BAC credit cards and were improperly charged late fees on their accounts.[2] BAC contends that the plaintiffs' credit card agreements include an enforceable arbitration provision, which provides that Delaware law is the governing authority, precludes class actions, and designates the National Arbitration Forum ("NAF") for arbitration proceedings. BAC moved to stay the plaintiff's case here and to compel arbitration under the terms of the credit card agreements.

On May 26, 2009, the court held a hearing on the plaintiffs' motion for discovery and an enlargement of time. Following the hearing, all of the judges in the District of Rhode Island recused themselves from participating in the case, and the case was referred to this district. I was assigned to sit by designation. The filings and the transcript of the hearing have been reviewed for purposes of deciding the plaintiffs' motion for an enlargement of time.

### Discussion

Trombley and Sukaskas assert that the arbitration provision is unenforceable because it is unconscionable. They moved for an enlargement of time to file their response to BAC's motion to compel arbitration to allow ninety days for discovery on issues pertaining to unconscionability, followed by an additional thirty days to prepare and file their response to BAC's motion to compel. BAC objects to the

motion for discovery on the ground that the issues raised in the motion to compel arbitration are largely legal questions and that the information necessary to support the plaintiffs' arguments is available to them without discovery.

 Parties opposing an arbitration provision bear the burden of showing that it is invalid due to unconscionability. *E.H. Ashley & Co., Inc. v. Wells Fargo Alarm Servs.*, 907 F.2d 1274, 1278 (1st Cir.1990). When parties dispute the validity of an arbitration provision, as distinguished from a dispute about the validity of the contract as a whole, and the agreement does not require arbitration of that issue, the court decides the validity issue. *Awuah v. Coverall N. Am., Inc.*, 554 F.3d 7, 10 (1st Cir.2009). BAC does not assert that unconscionability issues must be decided by an arbitrator.[3] Therefore, the validity of the arbitration provision is for the court.

In federal court, discovery falls into two broad categories: matters relevant to a claim or defense and matters more generally relevant to the subject matter of the action. Fed.R.Civ.P. 26(b)(1); *In re Subpoena to Witzel*, 531 F.3d 113, 118 (1st Cir.2008). The first category, discovery relevant to a claim or defense, is intended to be conducted without the court's intervention. *See In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1187–89 (10th Cir. 2009). When broader discovery is sought, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed.R.Civ.P. 26(b)(1). The limited discovery sought by the plaintiffs here pertains to BAC's assertion that the plaintiffs' claims are subject to arbitration. *See, e.g.,*

---

**2.** Although BAC challenges its status as a defendant and disputes its designation as the entity which issued the cards, that matter is not addressed here.

**3.** The arbitration provisions expressly require the court to decide the validity of the class action waiver.

*O'Donnell v. TD Ameritrade, Inc.,* 250 F.R.D. 502, 505 (S.D.Cal.2008).

## A. *Class Action Waiver*

■ The plaintiffs contend that they need discovery to challenge the class action waiver in the arbitration provision with factual support that the waiver is unconscionable because it operates as a bar to the claims raised in this case. The plaintiffs assert that individual claims for the small amounts involved in this case would be difficult and expensive and that the barrier to bringing individual claims has resulted in few or no individual claims being brought against BAC. They seek discovery from BAC to show the lack of individual claims. BAC contends that the question of the enforceability of the waiver can be decided as a matter of law.

The class action waiver provision is raised in the motion to compel arbitration as a defense to the plaintiffs' putative class action. As such, the plaintiffs are entitled to discovery relevant to that issue without a showing of good cause.

## B. *Unconscionability Generally*

■ Trombley and Sukaskas contend that the arbitration provision is procedurally and substantively unconscionable and that they need discovery to provide factual support for unconscionability, citing cases from a variety of federal jurisdictions.[4] More specifically, the plaintiffs argue that the provision is procedurally unconscionable because they, and other cardholders, were presented with an agreement without any opportunity to negotiate its terms. They argue that the provision is substantively unconscionable because, under its terms, if they lose they will have to reimburse BAC for its costs incurred during arbitration, which raises a substantial im-

pediment to bringing individual claims, and because NAF, as an institution, is biased in favor of corporate defendants and credit card lenders in particular. BAC argues that the court can decide the unconscionability issues as a matter of law, without further factual development.

Under the circumstances, limited discovery to address the procedures used by BAC to sign up credit card members and the substantive issues of the costs and the alleged institutional bias of the NAF is allowed.

## Conclusion

For the foregoing reasons, the plaintiffs' motion for enlargement of time (document no. 13) is granted to the extent that the plaintiffs are allowed sixty days from the date of this order for discovery limited to the enforceability of the class action waiver provision and the procedural and substantive unconscionability of the arbitration provision.

The plaintiffs' response to the defendant's motion to compel will be due thirty days after the end of the discovery period.

No further enlargement of time for discovery or to file the response will be granted absent a compelling showing of good cause.

SO ORDERED.

---

4. The plaintiffs have not raised a choice of law issue. When they respond to BAC's motion to compel, they will have to identify and proceed under the governing legal standard.